IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JODY LEE RABY,** | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:23-cv-00296-MTT-CHW |
| **ANGELA REAVES-PHAMS,** *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |

## ORDER

*Pro se* Plaintiff Jody Lee Raby, a prisoner now incarcerated at the Wheeler Correctional Facility in Alamo, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a "Motion for Appointment of Counsel". ECF No. 9.

### MOTION FOR APPOINTMENT OF AN ATTORNEY

As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth factual allegations. *See generally* ECF No. 1. The Court further notes that Plaintiff's claims are not so complex that appointed counsel is warranted. *See id.*; *Holt v. Ford*, 862 at 853. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present his claims to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 9) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

### EXTENSION OF TIME TO PAY PARTIAL INITIAL FILING FEE

Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. On September 1, 2023, Plaintiff's motion was granted and he was ordered to pay the statutorily required partial filing fee of $45.17 within fourteen days. ECF No. 5. On September 14, 2023, Plaintiff filed a letter indicating that he submitted a withdrawal form authorizing

---

represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

payment of this fee to "the business office at Wheeler Correctional Facility on 9/7/23". ECF No. 8-1. Plaintiff states that he "feel[s] as if they will intentionally fail to pay to interfere with [his] proceeding in the case." *Id.*

Plaintiff is **GRANTED** an extension of time of **FOURTEEN (14) DAYS** from the date of this order to pay the initial partial filing fee of $45.17. Plaintiff is instructed to show the appropriate prison official this Order in submitting an additional written request for the payment of this filing fee. If the prison official refuses to promptly submit payment to the Court, Plaintiff should notify the Court: (1) the name of the authorized prison official from whom he requested the payment of his fees; (2) the date he made such request; and (3) the date that he was notified that the prison official would not promptly submit the payment. If Plaintiff receives notification in writing from the prison official regarding an inability or refusal to pay the filing fee to the Court, Plaintiff should provide the Court with a copy of this notification. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to submit this information in the event the filing fees are not submitted to the Court.

**SO ORDERED**, this 28th day of September, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge