IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JODY LEE RABY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-296 (MTT) ) |
| ANGELA REAVES-PHAMS, *et al.*, | ) ) |
| Defendants. | ) ) |

# ORDER

Pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle conducted a screening of plaintiff Jody Raby's complaint and recommends dismissing Raby's (1) Eighth Amendment failure to protect claim against defendant Michael McCrae, (2) claims based on a failure to investigate and prosecute, and (3) claims regarding his confinement in protective custody. Doc. 18. In response, Raby filed an objection and moved for leave to file an amended complaint. Docs. 22; 23. Raby's motion to amend (Doc. 23) is **GRANTED**. In his amended complaint, Raby provides additional allegations not initially presented to the Magistrate Judge. Doc. 23-1.

The Magistrate Judge recommends dismissing Raby's Eighth Amendment failure to protect claim against defendant McCrae because Raby did not sufficiently allege subjective awareness. Doc. 18 at 7-8. However, Raby now alleges that a case manager "told Raby that she did in fact tell investigator McCrae about Raby and his family being extorted as well as asked McCrae to have Raby moved." Doc. 23-1 at 3. At this stage, this new allegation is enough to allow Raby's Eighth Amendment failure to

protect claim against defendant McCrae to proceed.  *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  Accordingly, the Court **REJECTS** the Magistrate Judge's recommendation to dismiss this claim against defendant McCrae.

The Magistrate Judge also recommends dismissing Raby's claims based on failure to investigate and prosecute his assailants as well as his placement in protective custody.  Doc. 18 at 17-20.  To avoid dismissal of these claims, Raby adds new factual allegations.  Doc. 23-1 at 2-5.  But these additional allegations do not cure the deficiencies of these claims for the reasons noted by the Magistrate Judge.  Doc. 18 at 17-20.

Because Raby objected, the Court reviews the recommendation de novo.  28 U.S.C. § 636(b)(1).  For the reasons stated above, and in the Recommendation, the Court accepts and adopts in part the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 18) is **ADOPTED in part and REJECTED in part**.  Raby's Eighth Amendment failure to protect claims against all the defendants may proceed.  His claims regarding a failure to investigate and his confinement in protective custody are **DISMISSED without prejudice**.[1]

Having found that Raby has made a colorable constitutional violation claim against defendant McCrae, it is **ORDERED** that service be made on defendant McCrae and that he file an answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant McCrae is

---

[1] Raby also moves for the appointment of counsel.  Doc. 25.  For the reasons previously outlined by the Magistrate Judge in denying Raby's first motion to appoint counsel (Doc. 12), that motion (Doc. 25) is **DENIED**.

reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**SO ORDERED**, this 24th day of January, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
