IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JODY LEE RABY,** | : |
| | : |
| Plaintiff, | : |
| | : Case No. 5:23-cv-296-MTT-CHW |
| v. | : |
| | : |
| **ANGELA REAVES-PHAMS,** *et al.*, | : |
| | : Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : Before the U.S. Magistrate Judge |

## ORDER

Before the Court is Plaintiff's motion for subpoenas (Doc. 48), in which he requests that the Court issue subpoenas to a non-party individual who acted as Plaintiff's power-of-attorney, to produce Plaintiff's bank records and the third party's CashApp records. Plaintiff's motion for subpoenas (Doc. 48) is **DENIED**.

*Pro se* litigants are entitled to reasonable access to the courts, but are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)). However, "this leniency does not give a court license to serve as *de facto* counsel for a party." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45. "A court supervising prisoner pro so cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas

are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041, * 1 (S.D.Ga., August 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). "A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval." *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla., July 24, 2012). A request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Id*.

Plaintiff requests that subpoenas be sent to Ira Sue Bunch, who has power of attorney for Plaintiff, to produce his Wells Fargo bank records and Ms. Bunch's CashApp records. Plaintiff alleges that these records will show that he was extorted for money prior to the incident underlying his failure-to-protect claims. However, Plaintiff's motion fails to support why it is necessary for the Court to issue a subpoena for this information. Plaintiff has not explained any efforts that he has made to get this information on his own while discovery was ongoing or why a subpoena from the Court would be necessary to obtain this information from his own power-of-attorney. Plaintiff's motion for subpoenas (Doc. 48) is **DENIED**.

Should Plaintiff, on his own, request and receive the records listed in the motions, he may supplement his response to Defendants' motion to summary judgment with the records by September 8, 2024. Defendant may then submit any reply by October 1, 2024.

**SO ORDERED**, this 9th day of August, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge