IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JODY LEE RABY, | : |
| Plaintiff, | : |
| VS. | :    NO. 5:23-cv-00296-MTT-CHW |
| ANGELA REAVES-PHAMS, *et al.*, | : |
| Defendants. | : |

**ORDER ON PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS**

*Pro se* Plaintiff Jody Lee Raby has filed a Notice of Appeal. ECF No. 66. Plaintiff seeks leave to proceed with his appeal *in forma pauperis*. ECF No. 73.

I. **Procedural History**

On December 21, 2023, Plaintiff's complaint (ECF No. 1) was screened pursuant to 28 U.S.C. § 1915A. ECF No. 18. The Magistrate Judge determined that Plaintiff's Eighth Amendment failure to protect claims against Defendants Reaves-Pham and West should proceed for further factual development and ordered service of the complaint upon these Defendants. *Id*. It was recommended, however, that Plaintiff's (1) Eighth Amendment failure to protect claims against Defendant McCrae, (2) claims based on a failure to investigate and prosecute, and (3) claims regarding his confinement in protective custody all be dismissed for failure to state a claim. *Id*.

Plaintiff filed objections to the findings of the Magistrate Judge in the Order and

Recommendation.  ECF No. 22.  Plaintiff also filed an amended complaint that included additional allegations against Defendant McCrae that were not initially presented to the Magistrate Judge.  ECF No. 23.  Plaintiff's objections and amended complaint as well as the recommendations of the Magistrate Judge were reviewed by the District Judge.  *See* ECF No. 26.  Thereafter, the findings of the Magistrate Judge were adopted by the District Judge as to Plaintiff's claims regarding a failure to investigate and prosecute as well as Plaintiff's claims regarding his confinement in protective custody and those claims were all dismissed for failure to state a claim.  *Id*.  However, the District Judge rejected the findings of the Magistrate Judge as to Plaintiff's claim against Defendant McCrae for failure to protect based upon the new allegations presented in the amended complaint and that claim was then allowed to proceed for further factual development.  *See id*.

Defendants then filed a joint motion for summary judgment.  ECF No. 42.  On January 24, 2025, the Magistrate Judge recommended granting the Defendants' motion for summary judgment.  ECF No. 58.  Plaintiff objected to the recommendation of the Magistrate Judge.  ECF Nos. 62 and 63.  Upon review of the recommendation of the Magistrate Judge and Plaintiff's objections, the District Judge adopted the recommendation of the Magistrate Judge and granted the Defendants' motion for summary judgment.  ECF No. 64.  Judgment was entered in favor of the Defendants on March 4, 2025.  ECF No. 65.

Plaintiff now "appeals to the United States Court of Appeals for the Eleventh (11th) Circuit from the final judgment entered in this action on the 4th day of March 2025."  ECF

No. 66.  Plaintiff seeks leave to appeal *in forma pauperis*.  ECF No. 73.  After reviewing the record, the Court enters the following Order as to Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

## II.  Analysis

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  Plaintiff has not submitted a current

3

certified copy of his trust fund account in support of his motion to appeal *in forma pauperis*. The only certified account statement on file for the Plaintiff is found in Plaintiff's original motion to proceed with his complaint *in forma pauperis* filed nearly two years ago in August 2023. ECF No. 2. That account statement revealed that Plaintiff regularly received deposits into his inmate account from outside sources. ECF No. 2-1. Thus, the Court cannot determine for certain whether Plaintiff is presently unable to pay the costs for his appeal.

However, out of an abundance of caution, the Court will move to the second determination that it must make when reviewing a motion to proceed on appeal *in forma pauperis*. The Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Here, in his notice of appeal, Plaintiff generally states he is appealing "final judgment entered in this action on the 4th day of March 2025" but he provides no statement of the issues he intends to appeal. ECF No. 66. Although Plaintiff has not submitted a statement of the issues for appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court has conducted an independent review of the issues addressed in the December 21, 2023 frivolity review and Recommendation (ECF No 18), Plaintiff's Objection to the December 21, 2023 Recommendation (ECF No. 22), Plaintiff's January 4, 2024 amendments to his complaint (ECF No. 23), the Court's January 24, 2024 Order adopting in part and rejecting in part the December 21, 2023 Recommendation (ECF No. 26), the January 24, 2025 Recommendation to grant Defendants' motion for summary judgment (ECF No. 58), Plaintiff's objections to that Recommendation (ECF No. 62; 63), and this Court's March 4, 2025 Order adopting the Recommendation to grant Defendants' motion for summary judgment (ECF No. 64). Based upon this thorough enquiry, the Court concludes that Plaintiff has raised no issues in this civil action with arguable merit for appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith and is frivolous. Consequently, Plaintiff's application to appeal *in forma pauperis* (ECF No. 73) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $605.00 appellate filing fee.  Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $605.00 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED and DIRECTED**, this 15th day of May, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT